# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FORT PIERCE DIVISION

Case No. 2:25-cv-14067-CANNON

KIMBERLY MARASCO,

    *Plaintiff,*

v.

TAYLOR SWIFT; JACK ANTONOFF;
AARON DESSNER; UNIVERSAL MUSIC
GROUP, INC.; REPUBLIC RECORDS,

    *Defendants.*

**DEFENDANTS' OPPOSITION MEMORANDUM OF LAW IN RESPONSE TO
PLAINTIFF'S MOTION TO ACCEPT SERVICE VIA SECRETARY OF STATE AND
MOTION FOR ALTERNATIVE SERVICE OF PROCESS**

Defendants[1] hereby submit this opposition memorandum of law in response to Plaintiff Kimberly Marasco's ("Plaintiff's") Motion to Accept Service via Secretary of State and Motion for Alternative Service of Process [ECF 34] ("Motion"), the incorporated Affidavit of Compliance with Substituted Service Pursuant to Florida Statute Section 48.161 [ECF 33] ("Affidavit"), Supplemental Affidavit of Compliance [ECF 36], second Supplemental Affidavit of Compliance [ECF 39], and Submission of Substitute Service of Process Via Florida Secretary of State [ECF 40] ("Submission") and state as follows:

## **INTRODUCTION**

This is now Plaintiff's second deficient request for alternative service in Plaintiff's second frivolous lawsuit against Artist. Nearly 10 months after initiating her first action against Artist, and despite multiple extensions of time in addition to clear instructions from this Court about complying with Florida's service statutes, Plaintiff still has not done so. Here, Plaintiff requests that the Court accept (deficient) service via the Secretary of State or alternatively permit service on counsel or grant another extension of time to serve Artist. Each request should be denied.

First, Plaintiff has not complied with Florida law provisions permitting substitute service on the Florida Secretary of State. Plaintiff has failed to allege the jurisdictional basis for service under Florida Statute Section 48.181 in her Complaint [ECF 1]. Allegations in Plaintiff's Motion and Affidavits cannot and do not satisfy that jurisdictional requirement. And even if they could, Plaintiff has not set forth allegations that satisfy her burden. Further, Plaintiff has not satisfied the technical requirements of Florida Statute Section 48.161 because she has failed to file any return receipt in her various submissions, and she has failed to provide the required sworn statement to

---

[1] As explained in Plaintiff's Motion, Defendant Taylor Swift ("Artist") has not yet been served. By filing this response, Artist does not consent to jurisdiction and does not waive or consent to service under the Federal Rules of Civil Procedure.

show her corrected summons has been accepted by the Florida Secretary of State or provided to Artist. Therefore, any purported technical compliance is invalid or at a minimum premature.

Second, there is no basis to grant Plaintiff's last-ditch effort to permit alternative service on Artist's counsel. Artist has not waived her right to service, and Plaintiff has not identified any authority under Florida law to support her misguided request. Indeed, Florida caselaw is clear that Artist's counsel is not authorized to receive process simply because counsel has appeared for the limited purpose of opposing service.

Finally, given Plaintiff's failure to comply with the alternative service statutes (despite being given over one hundred days in this matter alone to do so), Plaintiff's cursory request for a second and undefined extension of time to serve Artist via Florida's substitute service laws should be denied. Plaintiff falls woefully short of satisfying the "good cause" standard required for another extension. Plaintiff's repeated inability to comply with Florida's alternative service requirements, despite the Court's guidance and instruction, do not constitute "good cause."

Plaintiff's Motion should be denied.

## **PROCEDURAL POSTURE**

Plaintiff filed her Motion on May 30, relying on a May 23 Affidavit in support, seeking this Court's approval of another attempt at substitute service. [ECF 33, 34]. Since then, Plaintiff has filed several additional "Supplemental Affidavits" and Submissions purporting to show that she has complied with the requirements for substitute service. Because all of those submissions (and more) are relevant to her current request, Defendants lay out each filing below.

- Summons Issued to Artist (filed May 23, 2025) [ECF 32]: The docket reflects a summons issued to Artist "c/o Secretary of State" dated May 23, 2025. The summons does not identify the court where the action is pending.

2

- <u>Affidavit of Compliance with Substituted Service Pursuant to Florida Statute §</u> <u>48.161 (filed May 23, 2025) [ECF 33]</u>: Plaintiff filed an Affidavit—the same day the new Summons was issued—claiming that she met the jurisdictional and technical requirements under Florida Statute Sections 48.181 and 48.161. However, as explained below, this was not accurate. Indeed, Plaintiff admitted that she had not yet fulfilled the technical requirements of Section 48.161. Plaintiff claimed that she mailed Artist a summons, complaint, and notice of service, but this was *before* the Secretary of State accepted service. [ECF 33 at 10–11; *see also* ECF 34 at 2]. Plaintiff also did not attach or otherwise file return receipts of her mailings as required under Section 48.161(2).

- <u>Motion to Accept Service via Secretary of State or, in the Alternative, for</u> <u>Alternative Service of Process (filed May 30, 2025) [ECF 34]</u>: Based on the facts in the Affidavit, the Motion requests that the Court accept service on the Secretary of State as effective as to Artist, even though, again, Plaintiff admitted that service had not yet been accepted by the Secretary of State. [ECF 34 at 2]. Plaintiff's Motion is flawed in several ways as explained herein.

- <u>Florida Department of State Acceptance of Substitute Service of Process (filed June</u> <u>6, 2025) [ECF 35]</u>: A week later, Plaintiff submitted an unsworn statement relaying that the Florida Department of State accepted service on June 4, 2025. Plaintiff claims that she then sent an updated mailing to Artist. [ECF 35 at 2]. Plaintiff attached a June 4, 2025 letter from the Secretary of State as Exhibit A; and attached as Exhibit B a certified mail receipt (not a return receipt)[2] to show an updated mailing was sent on June 6.

---

[2] Section 48.161 specifically directs Plaintiff to "file proof of service or return receipts showing delivery." Fla. Stat. § 48.161(2). Plaintiff's Exhibit B attaches only certified mail receipts, such as Form 3800, showing the date a mailing was sent, *not* proof of delivery. *See Certified Mail® – The Basics*, USPS, https://faq.usps.com/s/article/Certified-Mail-The-Basics.

- **Supplemental Affidavit of Compliance With Substitute Service (filed June 6, 2025) [ECF 36]**: Plaintiff also submitted an unsworn supplemental affidavit that restates the June 4 acceptance by the Secretary of State and the updated mailing sent to Artist that was included in ECF 35. The unsworn affidavit states further that "[c]opies of the certified mail receipt and return receipt are attached as Exhibit A." But, no exhibits were attached to the filing.

- **Summons Issued to Artist c/o Secretary of State (filed June 9, 2025) [ECF 37 & ECF 38]**: The docket reflects a summons issued to Artist "c/o Secretary of State" dated June 9, 2025. The clerk also entered a notice of docket correction, containing the same document on the same day. [ECF 38].

- **Supplemental Affidavit of Compliance With Substitute Service (filed June 10, 2025) [ECF 39]**:  Plaintiff submitted another unsworn statement claiming she sent another mailing on June 10, 2025 to Artist. Plaintiff further states that "[c]opies of the certified mail receipt and return receipt are included as Exbibits [sic] with the Submission of Substitute Service Via The Secretary of State," which was also filed on June 10. [ECF 39 at 1]. However, as explained below, that is not accurate.

- **Submission of Substitute Service of Process Via Florida Secretary of State (filed June 10, 2025) [ECF 40]:** Plaintiff also filed a "Submission" acknowledging that the summons she previously provided to the Florida Secretary of State was defective, and that she obtained a new summons on June 9. [ECF 40 at 1]. Plaintiff claims that she confirmed with the Secretary of State that the corrected summons had been received; however, the exhibit attached to Plaintiff's Submission is merely the original acceptance letter dated June 4 (provided days before the applicable summons was even issued) and nothing more. [ECF 40 at 1 & Exhibit A]. Plaintiff states that the newly issued summons, acceptance letter, complaint, notice, and supplemental

4

affidavit of compliance have been mailed to Artist. [ECF 40 at 2]. Yet again, no return receipts are attached; only certified mail receipts showing the mailing was sent. [ECF 40 at Ex. B]. Nonetheless, Plaintiff maintains her request that the Court accept service via the Secretary of State or alternatively permit service on Artist's counsel. [ECF 40 at 3].

## **LEGAL STANDARD**[3]

In the absence of personal service as set forth in Federal Rule of Civil Procedure 4(e)(2), Plaintiff must comply with Florida service requirements. *See Marasco v. Taylor Swift Prods., Inc.*, No. 2:24-cv-14153-AMC ("*Marasco I*"), Dkt. 66 at 3n.2 (citing Fed. R. Civ. P. 4(e)(1)); *Baxter v. Miscavige*, No. 8:22-cv-986, 2023 WL 1993969, at *3 (M.D. Fla. Feb. 14, 2023) ("Rule 4(e) limits the jurisdiction of federal courts to service over nonresident defendants in the manner authorized by the forum state's law.") (citation omitted).

"Florida law permits substitute service of process only in limited circumstances." *Provident Bank v. Nascarella*, No. 8:16-cv-3052, 2017 WL 9939578, at *2 (M.D. Fla. Dec. 4, 2017), *R&R adopted*, 2018 WL 3650042 (Jan. 4, 2018). As the party seeking to invoke substitute

---

[3] Despite the Court's multiple orders involving service issues in *Marasco I* and in this case, Plaintiff's Motion misstates the applicable legal standards for alternative service, claiming that alternative service is permitted upon a generalized showing of "[g]ood cause" or "when personal service is impracticable, provided the method is reasonably calculated to give actual notice." [ECF 34 at 2–3]. This is wrong and the authorities Plaintiff cites to support her made-up standards do no such thing. [*See* ECF 34 at 2]. *Horenkamp v. Van Winkle & Co.*, discusses the "good cause" standard specific to requests for *extensions of time* for service of process upon a defendant; it says nothing about the standards for alternative service under Florida law. 402 F.3d 1129, 1132 (11th Cir. 2005) (affirming dismissal for untimely service and lack of good cause for extension). Florida Rule of Civil Procedure 1.070(i) provides only that a "defendant may accept service of process by mail" and, again, says nothing about alternative service, let alone the standards or methods for when alternative service is permitted. And in *Mullane v. Central Hanover Bank & Trust Co.*, the Supreme Court assessed whether New York's (not Florida's) long-arm statute authorizing service by publication violated due process protections under the Fourteenth Amendment—it did not provide a blanket authorization for any alternative service when a plaintiff claims that personal service is impracticable. 339 U.S. 306, 314 (1950).

service, "[t]he burden of pleading facts that support the applicability of substitute service falls on" Plaintiff. *Pinero v. Yam Margate, L.L.C.*, 825 F. Supp. 2d 1264, 1265 (S.D. Fla. 2011). Florida's substitute service provisions "require[] strict compliance with the statutory prerequisites because such service is an exception to personal service." *Dixon v. Blanc*, 796 F. App'x 684, 687 (11th Cir. 2020) (citation omitted).

Additionally, the time to serve a defendant with service of process is governed by Federal Rule of Civil Procedure 4(m). Extensions to that time period may be made upon a showing of good cause. *Steinberg v. Barclay's Nominees (Branches) Ltd.*, No. 04-cv-60897, 2008 WL 4500395, at *2 (S.D. Fla. Sept. 30, 2008). Under that standard, which applies regardless of *pro se* status, "[g]ood cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).

## ARGUMENT

### I.    THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE UPON THE FLORIDA SECRETARY OF STATE.

Plaintiff seeks, again, relief to depart from the personal service provisions provided for in the Federal Rules of Civil Procedure. Again, Plaintiff has failed to comply with Florida's service rules to do so.

As this Court has previously explained, "[s]trict compliance with Florida's substituted-service provisions requires a plaintiff to satisfy three overall requirements: (1) meet the jurisdictional conditions of Fla. Stat. § 48.181; (2) demonstrate the exercise of due diligence under Fla. Stat. § 48.161(4); and (3) comply with the procedural requirements of Fla. Stat § 48.161." *See Marasco I*, Dkt. 66 at 7 (citing *Dixon*, 796 F. App'x at 687–88). As the party seeking to invoke substitute service, "[t]he burden of pleading facts that support the applicability of substitute service

falls on" Plaintiff. *Pinero*, 825 F. Supp. 2d at 1265. Plaintiff has not satisfied the jurisdictional requirements under Section 48.181. Nor has she strictly complied with the technical requirements of Section 48.161. The Court should reject Plaintiff's latest deficient attempt under Florida's alternative service statutes.

### A. Plaintiff Has Failed to Provide a Jurisdictional Basis to Invoke Florida Statute Section 48.181.

Florida Statute Section 48.181 explains when substitute service is authorized under Florida law. Fla. Stat. § 48.181; *see also Marasco I*, Dkt. 66 at 6–7. Specifically, the jurisdictional components of Section 48.181 require a plaintiff to establish the following: (a) the defendant conducts business in Florida; (b) the defendant is either a nonresident or is concealing her whereabouts; and (c) the cause of action for which substituted service is to be made arises out of any transaction or operation connected with or incidental to the defendant's business in Florida. Fla. Stat. § 48.181. Importantly, "to support substituted service of process [in Florida], the complaint must allege the jurisdictional requirements prescribed by the applicable long-arm statute." *Baxter*, 2023 WL 1993969, at *3 (citation omitted); *Mane Ventures, LLC v. Equestrian Int'l, LLC*, No. 24-cv-80332, 2024 WL 5077140, at *2 (S.D. Fla. July 17, 2024) (similar). Here, Plaintiff has failed to adequately allege that the copyright infringement claims against Artist arose out of any alleged Artist business in Florida and thus fails to identify a jurisdictional basis for the application of Section 48.181.[4]

---

[4] Plaintiff has not asserted that Artist is concealing her whereabouts (nor could Plaintiff make such a claim). Therefore, Section 48.181(4) cannot supply the requisite jurisdictional basis here. However, because Artist is a nonresident of Florida, we presume that other provisions contained in Section 181 apply. *See* Fla. Stat. § 48.181(2), (6).

In the Affidavit, Plaintiff contends that she has satisfied the jurisdictional bases for Section 48.181 because (1) Artist purportedly engages in business in Florida and (2) Plaintiff has alleged that Artist committed a tort, copyright infringement, in the state. Specifically, she contends:

> Jurisdiction Under Fla. Stat. § 48.181: Swift engages in substantial business in Florida through concerts and merchandise sales generating millions in revenue. The Complaint alleges thirteen counts of copyright infringement based on Swift's performance of infringing songs at Miami concerts on October 18-20, 2024, and in the Taylor Swift | The Eras Tour Concert Film. [**ECF 1**, ¶¶ 13-14, **ECF 26** at 10; **Exhibit B**: Setlist from Oct. 20, 2024 Concert; Exhibit ScreenRant Article]. Florida's long-arm statute, Fla. Stat. § 48.193(1)(a)(2), establishes jurisdiction over nonresidents committing tortious acts, such as copyright infringement, in Florida. Swift's performances constitute purposeful availment, satisfying due process. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1356 (11th Cir. 2013).

[ECF 33 at 2 (emphasis in original)]. Plaintiff additionally alleges that "Swift's online merchandise sales, accessible to Florida residents, further support jurisdiction." [ECF 33 at 7]. Based on those assertions, Plaintiff claims that she has satisfied the jurisdictional bases for alternative service as to her copyright infringement claims involving Artist. Plaintiff is wrong.

1.  The tortious conduct allegations in Plaintiff's Affidavit cannot satisfy the jurisdictional requirements under Florida Statute Section 48.181.

As an initial matter, Plaintiff's allegations that Artist committed a tortious act in Florida under Section 48.193 do not provide the jurisdictional basis for service under Section 48.181. Sections 48.181 and 48.193 provide different methods for acquiring personal jurisdiction over non-residents and do not contain the same jurisdictional bases. *See, e.g.*, *A.B.L. Realty Corp. v. Cohl*, 384 So.2d 1351, 1353 (Fla. 4th DCA 1980) (recognizing that it is "readily apparent that Sections 48.181 and 48.193 provide different methods for acquiring personal jurisdiction over non-residents"). Section 48.193 requires personal service and does not allow substitute service via the Secretary of State. *See* Fla. Stat. § 48.193(3); *A.B.L. Realty Corp.*, 384 So.2d at 1353. Where a plaintiff seeks to effect service via the Secretary of State, the requirements of Section 48.181

must be followed; Section 48.193's distinct jurisdictional bases are inapplicable. *Id.* Under Section 48.181, committing a tortious act is not among the listed jurisdictional bases. Therefore, Plaintiff's allegations of tortious activity in Florida do not satisfy the jurisdictional basis for service on the Secretary of State under Section 48.181.[5]

2. <u>Plaintiff has failed to plead the jurisdictional basis for service under Florida Statute Section 48.181.</u>

Critically, most of Plaintiff's remaining jurisdictional claims are not, as they must be, contained in the Complaint [ECF 1], and the only jurisdictional allegations in the Complaint plainly do not suffice to provide a jurisdictional basis for alternative service here. [ECF 33 at 2 (citing ECF 1 ¶¶ 13–14)].

Plaintiff's citation to two paragraphs in the Complaint is insufficient to satisfy her jurisdictional burden. The Complaint paragraphs allege in relevant part that "Defendants have engaged in substantial business activities in Florida by performing concerts resulting in millions of dollars of revenue for themselves" and "promote and produce events in the district such as concerts and selling merchandise, receiving millions of local dollars in revenue." [ECF 33 at 2 (citing ECF 1 ¶¶ 13, 14)]. But these statements provide only scant details of any purported business activity and do not tie, at all, to Plaintiffs claim of copyright infringement. They are therefore insufficient to confer jurisdiction under Section 48.181. *Oviedo v. Ramirez*, No. 21-cv-23750, 2022 WL 1641865, at *6 (S.D. Fla. May 24, 2022) (finding no long-arm jurisdiction under the analogous provision for business activity under Section 48.193 where plaintiff failed to allege that the "cause of action arose out of [defendant's Florida business activities]"); *Milligan v. State Farm Mut. Auto.*

---

[5] For this reason, the authority Plaintiff cites evaluating tortious activity under Section 48.193 is inapplicable. [ECF 33 at 2, 7 (citing *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1356 (11th Cir. 2013) (assessing whether specific personal jurisdiction existed under Section 48.193(1)(a)(2))].

*Ins. Co.*, No. 6:16-cv-1889, 2018 WL 3352933, at *3 (M.D. Fla. June 15, 2018) (requiring "some nexus or connection between the claims asserted against defendant and the business defendant conducts in Florida"); *Provident Bank v. Nascarella*, No. 8:16-cv-3052, 2018 WL 11344798, at *3 (M.D. Fla. June 7, 2018) (finding "scant details" about business conduct and connection to conversion-related claims insufficient to support substitute service under Section 48.181).

In addition to the insufficient Complaint allegations, Plaintiff also attempts to rely on several non-Complaint assertions in her Affidavit. Those allegations include that the alleged copyright infringement is "based on [Artist's] performance of infringing songs at Miami concerts on October 18-20, 2024, and in the Taylor Swift | The Eras Tour Concert Film," [ECF 33 at 2, 7], and that Artist engaged in "online merchandise sales, accessible to Florida residents." [ECF at 7]. But these assertions made outside of the Complaint cannot provide the jurisdictional basis to satisfy Section 48.181. *See, e.g.*, *Mane Ventures, LLC*, 2024 WL 5077140, at *2 ("In order to serve a nonresident pursuant to section 48.181, *the complaint must allege* specific facts which show that the defendant is conducting business in Florida and that the cause of action arose from business activities within this state." (emphasis added) (citations omitted)); *HDI Global Ins. Co. v. Amerijet Int'l Inc.*, No. 22-cv-22235, 2023 WL 3778241, at *3 (S.D. Fla. May 5, 2023) (explaining that "[i]ncluding the foundational allegations in the complaint is a prerequisite to seeking the benefit of substitute service[,]" and "[t]he deficiency cannot be cured by a subsequently filed affidavit").[6]

---

[6] In January 2023, Florida amended Section 48.161 to no longer require a plaintiff to amend their complaint to include the facts that an affidavit of compliance must contain related to due diligence efforts and technical compliance with mailing and return receipt requirements. *See* Fla. Stat. § 48.161(2); *Baxter*, 2023 WL 1993969, at *3 n.4. However, that change was not made to Section 48.181, the substantive authorization for substitute service, which continues to require that the jurisdictional basis for alternative service be pleaded in the complaint. *Id.* at *3; *Mane Ventures*, 2024 WL 5077140, at *2; *Milord v. Nationwide Tax Pro Inc.*, No. 24-cv-62120, 2025 WL 1191069, at *2 (S.D. Fla. Apr. 24, 2025); *see also* Fla. R. Civ. P. 1.070(h).

Indeed, the very cases Plaintiff cites in her affidavit expressly acknowledge this. [*See* ECF 33 at 7 (citing, *inter alia*, *Baxter*, *Acquamoda S.A.S*, and *Oviedo*)]; *Baxter*, 2023 WL 1993969, at *3 ("to support substituted service of process [in Florida], the complaint must allege the jurisdictional requirements"); *Oviedo*, 2022 WL 1641865, at *6 ("[a] plaintiff seeking to establish personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction" (citation and quotations omitted)); *Acquamoda S.A.S. v. Miami Swim Week, LLC*, No. 19-21683, 2019 WL 13237717, at *1–2 (S.D. Fla. Oct. 2, 2019) (finding Section 48.181 not satisfied and dismissing complaint where plaintiff failed to plead bases to invoke long-arm jurisdiction). Thus, for jurisdiction under Section 48.181, the non-Complaint allegations involving Artist's concert dates, Taylor Swift | The Eras Tour Concert Film, and online sales cannot be considered.

But even if Plaintiff had pled these "facts," they would still not suffice to make the required jurisdictional showing under Florida's long-arm statute pertaining to business conduct. *See* Fla. Stat. §§ 48.181(2), 48.193(1)(a)(1). First, selling merchandise to customers through an official website, accessible to Florida residents, is insufficient to constitute doing business in Florida unless there are allegations to support that the website is targeted at Florida. *See Quesada v. Better Earth, Inc.*, No. 6:23-cv-1809, 2024 WL 3890077, at *4 (M.D. Fla. Aug. 21, 2024) (finding allegations that defendant sold goods in Florida and maintained interactive website promoting Florida operations insufficient to satisfy business conduct under Section 48.193); *RG Golf Warehouse, Inc. v. Golf Warehouse, Inc.*, 362 F. Supp. 3d 1226, 1236 (M.D. Fla. 2019) (finding interactive website sales insufficient to confer jurisdiction under Florida long-arm statute). That is not the case, nor has Plaintiff alleged as much. And, in any event, allegations related to the selling of merchandise have no connection to Plaintiff's claim of copyright infringement involving poems

11

she has written. *See, e.g.*, *Oviedo*, 2022 WL 1641865, at *6 (no long-arm jurisdiction where "Plaintiff failed to allege that the cause of action, namely copyright infringement, ***arose out of*** Moving Defendants conducting business in Florida." (emphasis in original)); *Zhejiang Jinko Solar Co. v. Thesan USA Corp.*, No. 20-cv-24346, 2021 WL 7543041, at *2 (S.D. Fla. July 22, 2021) (finding service under Section 48.181 improper where there were no complaint allegations that the action "arose out of" business conduct in Florida).

Second, Plaintiff's assertion that the thirteen counts of copyright infringement are "based on [Artist's] performance of infringing songs at [three] Miami concerts" is conclusory, vague, and belied by the set lists that Plaintiff attached to her Affidavit. [ECF 33 at 2 (citing Exhibit B)]; *In re Takata Airbag Products Liab. Litig.*, 396 F. Supp. 3d 1101, 1140–43 (S.D. Fla. June 19, 2019) (rejecting plaintiff's long-arm jurisdiction allegations as vague and "failing to allege specific facts"). Of the sixteen allegedly infringing songs listed in Plaintiff's Complaint, Plaintiff identifies only six from the concert setlist, and identifies no performances of the other songs listed in the counts of her Complaint. [*Compare* ECF 33, Ex. B, *with* ECF 1 ¶ 9]. In fact, Plaintiff admits "that not all songs listed in the Complaint . . . may have been performed at the Miami concerts." [ECF 33 at 10]. Plaintiff's conclusory allegations, without more, are insufficient to confer jurisdiction over Artist. *Oviedo*, 2022 WL 1641865, at *6.[7]

---

[7] In an attempt to escape these pleading deficiencies, Plaintiff asserts that her pleadings as a *pro se* litigant should be held to a "less stringent standard" and "construed liberally." [ECF 33 at 1, 7 (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)]. Plaintiff is wrong. Eleventh Circuit courts are clear that pleading requirements under Florida substitute service statutes are strictly enforced, even on a *pro se* litigant. *Dixon v. Blanc*, 796 Fed. Appx. 684, 687, 689 (11th Cir. 2020); *see also Hadden v. U. Acct. Serv.*, No. 18-cv-81385, 2020 WL 607112, at *3 (S.D. Fla. Feb. 7, 2020) ("Strict compliance with due process, however, is required regardless of the status of the litigant.").

Third, Plaintiff's new (non-Complaint) allegations based on the Taylor Swift | The Eras Tour Concert Film's availability in Florida fare no better. [ECF 33 at 2, 6–7]. Plaintiff suggests that Artist's performance of certain songs in the Film supplies the requisite jurisdictional basis for a tortious activity under Section 48.193. [ECF 33 at 6–7]. But, as explained above, tortious activity allegations do not satisfy Section 48.181's jurisdictional requirements. *See supra* Section I.A.1.[8] Nor has Plaintiff even identified the works she asserts were infringed in the Film. [ECF 33 at 2, 6–7]. Put simply, the Film allegations also do not satisfy the jurisdictional requirements.

Accordingly, Plaintiff has failed to provide a jurisdictional basis supporting alternative service under Florida Statute Section 48.181.

**B.   Plaintiff Has Failed to Comply with the Technical Requirements for Substitute Service Pursuant to Florida Statute Section 48.161.**

Strict compliance with the technical requirements of Florida Statute Section 48.161 is required before a plaintiff can effectuate service under Florida's substitute service statute. *See Glob. Imaging Specialists, LLC v. SHPS, PLLC*, No. 23-cv-81563, 2024 WL 889204, at *3 (S.D. Fla. Jan. 31, 2024). Because Plaintiff has not satisfied the jurisdictional requirements of Section

---

[8] Even if they did (again they do not), contrary to Plaintiff's assertions, here, the allegations would not comport with the purposeful availment requirement for due process, which "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *Brown v. BNB Inv. Holdings, LLC*, 252 So. 3d 344, 347 (Fla. 3d DCA 2018) (recognizing that service is voided under Florida law where plaintiff fails to make required showing for exercise of personal jurisdiction). Under Plaintiff's reasoning, jurisdiction would exist in any state with one of the thousands of theaters showing a film that premiered globally. But that would improperly subject Artist to jurisdiction in various forums despite the random nature of the contacts and lack of nexus to the claims. *See, e.g.*, *HB Prods. v. Faizan*, No. 19-cv-00487, 2020 WL 7416188 (D. Haw. Sept. 28, 2020), *R&R adopted*, 2020 WL 6784347 (Nov. 18, 2020) (finding no minimum contacts in copyright action over foreign defendant that operated website providing access to motion picture in the forum); *L.O.T.I. Grp. Prods. v. Lund*, 907 F. Supp. 1528, 1534 (S.D. Fla. 1995) (finding no minimum contacts based on availability in Florida of defendant's allegedly infringing video and books where claim did not arise from the video or books).

48.181, the Court need not even reach an analysis of whether Plaintiff has satisfied the requirements of Section 48.161. *Zhejiang Jinko Solar Co. v. Thesan USA Corp.*, No. 20-cv-24346, 2021 WL 7543041, at *2 (S.D. Fla. July 22, 2021). However, should the Court decide to do so, Plaintiff has also failed to satisfy the technical requirements of Section 48.161.[9]

Specifically, to satisfy the technical requirements of Section 48.161: "(1) the plaintiff must send notice of service and a copy of the process by registered or certified mail to the defendant; (2) the plaintiff must file the defendant's return receipt; and (3) the plaintiff must file an affidavit of compliance." *Glob. Imaging Specialists*, 2024 WL 889204, at *3; *Dixon*, 796 F. App'x at 687 (involving *pro se* plaintiff). Plaintiff contends that she has complied with the technical requirements by purportedly mailing Artist a notice of service upon the Secretary of State and copy of process; filing receipts; and filing an affidavit of compliance. [ECF 33 at 11; ECF 34 at 3–4; ECF 36 at 1; ECF 39 at 1; ECF 40 at 1–2]. Not so.

First, as Plaintiff effectively admits through her series of mailings, Plaintiff's mailings to Artist before June 10, 2025 could not satisfy technical compliance because the prior mailings included a defective summons to the Secretary of State that failed to include the court where the action is pending. [ECF 32 (defective summons); ECF 40 at 1 (stating that corrected summons was mailed)]. Further, Plaintiff provides only an unsworn statement that she has provided the corrected

---

[9] Because Plaintiff's Affidavit and Motion arguments relating to due diligence rely primarily on the same service attempts recounted in Plaintiff's prior Motion for Extension of Time to Serve [ECF 26] and responded to in Defendants' previous Memorandum in Opposition [ECF 28], Defendants hereby incorporate the prior briefing in response to this issue [ECF 28 at 7–9]. Given the Court's prior statement that Plaintiff's attempts "appear to demonstrate due diligence," [ECF 31] and because Plaintiff has indisputably failed to comply with the technical requirements of Section 48.161, this Opposition primarily addresses those technical deficiencies. Defendants further note that Plaintiff continues to rely on a nonexistent case to support her due diligence arguments even though she was previously advised as much. *Compare* [ECF 33 (citing *Seward v. Iacono*, 252 So. 3d 360, 362 (Fla. 4th DCA 2018)), *with* ECF 28 at 9 n.6 (advising that this case "does not appear to exist.")].

June 9 summons to the Secretary of State [ECF 39; ECF 40]; she has not attached a copy of the correspondence or any evidence that the corrected June 9 summons was provided. Instead, Plaintiff has merely attached a copy of the Secretary of State's June 4 letter, which Plaintiff admits had been accepted based on the defective summons.

Second, no return receipts have been filed. *See generally* [ECFs 33, 34, 35, 36, 37, 39, 40] (attaching no return receipts). While Plaintiff has provided receipts related to her mailings, those are **not "proof of service or return receipts showing delivery"** required by the statute. Fla. Stat. § 48.161(2); *see supra* at 3–5. Nor has Plaintiff claimed that Artist "is actively refusing or rejecting the delivery of the notice" to excuse this requirement. *See* Fla. Stat. § 48.161(2). Further, it would have been virtually impossible for Plaintiff to file the return receipts on June 10 because she had only just mailed the corrected summons on the same date. [ECF 40 at Ex. B].

Third, because Plaintiff has not satisfied the mailing or return receipt requirements, and because her supplemental "affidavits" are not sworn statements, the (many) affidavits are deficient, or at a minimum premature. *Mane Ventures, LLC*, 2024 WL 5077140, at *4 (denying motion for substitute service under Section 48.181 and finding motion premature where defendant had not filed the notice of service to defendant and therefore could not have filed the required return receipt). In sum, Plaintiff has not satisfied the technical requirements of Section 48.161.

Plaintiff's contention that "[c]ourts have granted such motions before technical compliance, allowing plaintiffs to fulfill requirements post-approval" is wrong. [ECF 33 at 10–11 (citing *Glob. Imaging Specialists, LLC v. SHPS, PLLC*, No. 23-cv-81563, 2024 WL 889204 (S.D. Fla. Mar. 1, 2024)]. In *Global Imaging*, the court denied the Plaintiff's motion for alternate service of process via email and stated that alternate service would have to comply with Sections 48.161 and 48.181. *Id.* at *3. Far from dispensing with the technical requirements of Florida Statute

15

Section 48.161, *Global Imaging* simply reiterates that "strict compliance with the technical requirements" is required. It certainly does not support Plaintiff's position that courts grant substitute service motions prior to technical compliance.

Plaintiff has failed to comply with the requirements of Section 48.161, and therefore cannot proceed with substitute service under Florida law.

## II.   THE COURT SHOULD DENY PLAINTIFF'S BASELESS REQUEST FOR ALTERNATIVE SERVICE UPON ARTIST'S COUNSEL.

In a last desperate attempt to serve Artist, Plaintiff asks this Court to permit alternative service through serving Artist's counsel. [ECF 34 at 3–5; ECF 33 at 12; ECF 40 at 3]. There is absolutely no basis to do so.

Insufficient service of process cannot be cured by actual notice of the complaint or defendant's counsel's appearances before the court challenging service. *Zhejiang Jinko Solar Co. v. Thesan USA Corp.*, No. 20-cv-24346, 2021 WL 7543041, at *2 (S.D. Fla. July 22, 2021). And, a "person's attorney[s] [are] not authorized to receive process simply because of [their] status as attorney[s]." *Hadden v. U. Acct. Serv.*, No. 18-cv-81385, 2020 WL 607112, at *2 (S.D. Fla. Feb. 7, 2020). Indeed, the Federal Rules of Civil Procedure are clear that service upon counsel is generally not permitted except in the narrow circumstance where defendant has appointed counsel as their agent for service of process under Rule 4(e) or 4(h) or otherwise waived their right to personal service. *Scruggs v. Travelers*, No. 4:23-cv-301, 2023 WL 9230239, at *4–5 (N.D. Fla. Nov. 6, 2023); *Hadden*, 2020 WL 607112, at *2; *Timms v. DeFrancesco*, No. 3:18-cv-2148, 2019 WL 4677498, at *3–4 (N.D. Fla. Aug. 26, 2019) (rejecting *pro se* plaintiff's attempt to serve defendant's former counsel, explaining "[e]ven where an attorney exercises broad powers to represent a client in litigation, these powers of representation alone do not create a specific authority to receive service." (citation omitted)).

Here, Artist has not waived her right to service or appointed counsel as her agent, and Plaintiff has not alleged as much. [ECF 34 at 3–5; ECF 40 at 2–3]. Nor has Plaintiff alleged that Artist's counsel has been appointed or authorized to accept service. Quite the contrary, Plaintiff admits that Artist's counsel has told Plaintiff several times that they are *not* authorized to accept service of process as to Artist. [*See* ECF 34 at 2; ECF 34 at Exhibit B]. Service upon Artist's counsel simply is not permitted in these circumstances.

Plaintiff identifies no authority to the contrary. Instead, Plaintiff cites a litany of authority that provide no support to her position. Specifically, she cites one case that does not appear to exist and four that do not apply Florida law. [*See* ECF 34 at 3–5 (citing *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 311-314 (1950); *Levin v. Ruby Trading Corp.*, 333 F. Supp. 2d 243, 248 (S.D.N.Y. 2004); *Sanford v. Smith*, 353 So. 2d 1109, 1111 (Fla. 3d DCA 1978)[10]; *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997))]. Indeed, the only case Plaintiff cites that even addresses service on counsel, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002), is clearly inapplicable as it involved Federal Rule of Civil Procedure 4(f)(3), which applies exclusively to "Serving an Individual in a Foreign Country." Rule 4(f) is not applicable to nonresidents living in other states. Fed. R. Civ. P. 4(f). Oddly, Plaintiff also cites Florida Rule of Civil Procedure 1.070(i) for the broad proposition that alternative service may be used where service is impracticable and the service is reasonably calculated to provide notice. [ECF 34 at 3]. However, Rule 1.070(i) stands for no such thing; it simply provides that "a defendant may accept service by mail" and does not require defendant to do so.

---

[10] Defendants have been unable to identify any such case.

Plaintiff's request for alternative service of process on Artist's counsel is clearly unsupportable and must be rejected.

### III.   THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME TO SERVE ARTIST.

Apparently accepting that her substitute service attempts are deficient, Plaintiff suggests that she may be entitled to a further extension until after some unknown future date when Plaintiff does effect service. [*See* ECF 34 at 4–5]. Plaintiff is wrong and cannot satisfy the Eleventh Circuit's high bar for establishing good cause for failure to timely serve a defendant.

"Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). "[I]n evaluating whether good cause exists, 'courts have found that factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process, will satisfy this requirement[;] [h]owever, absence of prejudice alone can never constitute good cause to excuse late service, nor will inadvertent error, or ignorance or unfamiliarity with the rule governing service, excuse a litigant's failure to effect timely service.'" *Weekes v. Alleghany*, No. 1:05-cv-1040, 2005 WL 8155212, at *5 n.4 (N.D. Ga. Oct. 4, 2005), *R&R adopted*, 2006 WL 8432299 (Jan. 17, 2006) (holding *pro se* plaintiff to this good cause standard) (citations omitted). Confusion, mistake, or ignorance of the rules for service of process do not satisfy the good cause standard. *See Lepone-Dempsey*, 476 F.3d at 1281–82; *Dolan v. Custom Servs. LLC*, No. 19-cv-63102, 2021 WL 7084702, at *3 (S.D. Fla. Mar. 17, 2021).

Here, Plaintiff does not even attempt to satisfy the good cause standard. Nor could she, as the delays have been caused by Plaintiff's repeated failed attempts at service and lack of compliance with the substituted service statutes. And these failures are in spite of this Court's multiple orders in *Marasco I* and this matter advising Plaintiff as much. [ECF 31]; *Marasco I*,

18

Dkts. 36, 50, 55, 66. Plaintiff cites "processing delays" to support her extension request, but even the Secretary of State's acceptance of service cannot cure Plaintiff's jurisdictional and procedural deficiencies described above. Moreover, where, as here, the Court has already granted Plaintiff an extension of time for service, a subsequent extension is unwarranted. *See Marasco I*, Dkt. 66 at 10 (dismissing for lack of service where Plaintiff had knowledge of the substitute service requirements from the Court's order and "[t]he Court has already extended the Rule 4(m) service deadline by a month")]; *Hong-Diep Vu v. Phong Ho*, 756 F. App'x 881, 882 (11th Cir. 2018) (affirming denial of extension of time under Fed. R. Civ. P. 4(m) where the defendant and court had notified plaintiff of service defects that plaintiff failed to correct); *Timms*, 2019 WL 4677498, at *3–4 (finding no good cause for extension for *pro se* plaintiff to effect service "since Plaintiff has been advised by the Court on several occasions that he must comply with Rule 4 and has been given multiple opportunities and extensions to comply with the Rule").

Further, the fact that Plaintiff has attempted to effectuate personal service but was unsuccessful is insufficient to make out a "good cause" showing in this Circuit. Specifically, failure to perfect service due to unsuccessful attempts—with, as here, no evidence that defendant was "actively trying to evade service of process," evidence of "sudden illness," or evidence of "natural catastrophe" (none of which Plaintiff asserts)—simply does not establish good cause. *See, e.g.*, *Calloway v. Comput. Sci. Corp.*, No. 1:05-cv-1593, 2006 WL 8432759, at *3–4 (N.D. Ga. May 30, 2006), *R&R adopted*, 2006 WL 8432765 (June 22, 2006); *Hemerick v. Second Chance Detox, LLC*, No. 22-60728, 2023 WL 5955623, at *1 (S.D. Fla. May 23, 2023) (finding plaintiff's "numerous attempts and surveillance" did not "establish[] good cause or establish[] a good faith

basis"); *Weekes*, 2005 WL 8155212, at *5 n.4.[11]

There is no basis to extend, yet again, Plaintiff's time to properly serve Artist.

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff has failed to meet her burden for alternative service under Sections 48.181 and 48.161, and there is no basis for her request to serve Artist's counsel or to again extend her time to properly serve Artist. The Motion should be denied.

DATED: June 13, 2025                          Respectfully Submitted,

By: */s/ James Douglas Baldridge*
James Douglas Baldridge
(Florida Bar No. 708070)
Katherine Wright Morrone
(admitted *pro hac vice*)
600 Massachusetts Ave, NW
Washington, D.C. 20001
Tel: (202) 344-4000
Fax: (202) 344-8300
jbaldridge@venable.com
kwmorrone@venable.com

*Attorneys for Defendants*

---

[11] The case that Plaintiff relies on in support of her good cause argument, *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129 (11th Cir. 2005), is inapposite. [ECF 34 at 4]. In *Horenkamp*, the plaintiff had successfully served the defendant, but had done so beyond the 120 days permitted in Rule 4 and the court allowed the delinquent service. *Id.* at 1130–31. No such service has occurred here.

## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on June 13, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ James Douglas Baldridge*

James Douglas Baldridge

## <u>SERVICE LIST</u>

James Douglas Baldridge
(Florida Bar No. 708070)
Katherine Wright Morrone
(admitted *pro hac vice*)
JBaldridge@Venable.com
KWMorrone@Venable.com
VENABLE LLP
600 Massachusetts Ave. NW
Washington, DC 20001
*Attorneys for Defendants*

Kimberly Marasco
Marasco_kim@yahoo.com
1561 Pheasant Walk
Unit C
Fort Pierce, Florida 34950
*Pro Se Plaintiff*