UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No. 2:25-cv-14067-CANNON

KIMBERLY MARASCO,

    *Plaintiff,*

v.

TAYLOR SWIFT; JACK ANTONOFF;
AARON DESSNER; UNIVERSAL MUSIC
GROUP, INC.; REPUBLIC RECORDS,

    *Defendants.*

**DEFENDANTS JACK ANTONOFF AND AARON DESSNER'S MOTION TO QUASH AND INCORPORATED MEMORANDUM OF LAW**

Individual defendants Jack Antonoff ("Antonoff") and Aaron Dessner ("Dessner") (collectively for this Motion, the "Defendants"), who are appearing for the sole and limited purpose of filing this Motion, move to quash Plaintiff Kimberly Marasco's ("Plaintiff's") insufficient service of process pursuant to Federal Rule of Civil Procedure 4(e).[1]

**BACKGROUND**

Plaintiff has failed to adequately serve Antonoff and Dessner. Plaintiff filed returns of service of process in which Plaintiff claims to have served them. [*See* ECF 18 at 3-6]. However,

---

[1] Antonoff and Dessner move now to address Plaintiff's obvious service failures given the Court's recent Order further extending Plaintiff's deadline to serve a different individual Defendant until August 22, 2025. [ECF 42 at 1]. Addressing Plaintiff's service failures as to Antonoff and Dessner will promote judicial efficiency while the Parties await Plaintiff's further service attempts and are now well-versed in the relevant service authorities. Defendants submit this Motion to Quash, not a fulsome Rule 12 motion, and reserve all rights to contest jurisdiction or any other deficiency in the Complaint under Rule 12. *See Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1127 n.2 (11th Cir. 2019).

those service attempts are facially invalid to perfect service and/or the affidavits of service are inaccurate. First, as to Antonoff, the process server claims to have left service of process with an individual named "Mickelson m," who is purportedly a "White Male" permanent co-resident of Antonoff. [ECF 18 at 5]. Antonoff does not know, and has never known, resided with, employed, or been affiliated with the individual purportedly served. (*See* **Exhibit 1** ¶ 4). Nor does Antonoff permanently reside with any other male. (*Id.* ¶ 5). Second, as to Dessner, the process server claims to have handed documents to Mr. Dessner himself. [ECF 18 at 3]. That did not happen. On the date of purported service, an unknown individual did drive onto Dessner's driveway, but did not identify themselves or why they were present, and that individual departed without handing any papers to Dessner. (*See* **Exhibit 2** ¶¶ 4-6). Nor did any individual leave documents with an individual who permanently resides with Dessner or with any agent of Dessner authorized to accept service of process (there is no such person). (*Id.* ¶¶ 8-9). To date, neither Antonoff nor Dessner have been properly served, and the prior inadequate service attempts should be quashed.

## **LEGAL STANDARD**

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over [] a defendant when the defendant has not been served." *Harris v. City of Fort Pierce Police Dep't*, No. 22-cv-14233, 2023 WL 2417539, at *2 (S.D. Fla. Jan. 27, 2023) (Cannon, J.) (quoting *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)). "Statutes governing service of process are to be strictly construed[.]" *Martin v. Salvatierra*, 233 F.R.D. 630, 631 (S.D. Fla. 2005). "When a defendant challenges service of process, the plaintiff bears the burden of showing that it properly served the defendant under Federal Rule of Civil Procedure 4." *Harris*, 2023 WL 2417539, at *2 (citing *Reeves v. Wilbanks*, 542 F. App'x 742, 746 (11th Cir. 2013)).

Service of process on individuals like Defendants Dessner and Antonoff is governed by Federal Rule of Civil Procedure 4(e). Meaning, Plaintiff must serve each individual by either (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or (2) "delivering a copy of the summons and of the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Because this Action is pending in the Southern District of Florida and both Defendants were served in the state of New York, service could be effected under Florida law, New York law, and/or Federal Rule of Civil Procedure 4.

Plaintiff's affidavits of service claim to have served Antonoff and Dessner pursuant to Florida's service of process statute, Florida Statute 48.031(1)(a). [ECF 18 at 3, 5]. This statute substantially tracks Federal Rule of Civil Procedure 4(e)(2) and provides in relevant part: "Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. Ann. § 48.031(1)(a).

To the extent New York's personal service statute applies (Plaintiff has not invoked it), New York Civil Practice Law and Rules ("C.P.L.R.") Section 308 requires either (1) personal delivery to the person to be served, or (2) delivery upon a "person of suitable age and discretion" at the place of business or residence of the person to be served, **and** a mailing of the summons to the person to be served to their residence or place of business within twenty days of the original delivery. C.P.L.R. § 308(1), (2) (emphasis added). If not personally served, service is not effective

3

unless "both the delivery and mailing requirements have been complied with." *Rotonde v. Stewart Title Ins. Co.*, 233 N.Y.S.3d 537, 537 (N.Y. Sup. Ct. 2025) (citation omitted).

Plaintiff has not complied with Federal, Florida, or New York service rules and the purported service on Antonoff and Dessner should be quashed.

## ARGUMENT

Plaintiff has failed to properly serve Antonoff or Dessner under Florida law, New York law, or under Federal Rule of Civil Procedure 4. Plaintiff's purported service should be quashed as to both individuals.

### A. Plaintiff Failed to Properly Serve Antonoff

The purported service of process on Antonoff is defective and should be quashed. First, service is ineffective under Federal and Florida law, which both require, *inter alia*, delivery to the person to be served or leaving copies at the person's usual place of abode with any person residing therein who is 15 years of age or older. Fla. Stat. § 48.031(1)(a); Fed. R. Civ. P. 4(e); *see Hoffman v. Jimenez*, No. 2:25-cv-131, 2025 WL 1727901, at *2 (M.D. Fla. June 13, 2025) (finding service on "random employee" at defendant's place of employment insufficient for service under Rule 4(e) or analogous provision under Florida law). Plaintiff's Affidavit of Service claims that the process server served Jack Antonoff on March 7, 2025, under Florida Statute 48.031(1)(a), "by substituted service by leaving the documents at the usual place of abode of Jack Antonoff with Mickelson m who is a permanent co-resident [of Jack Antonoff]" and who is "15 years or older." [ECF 18 at 5]. "Mickelson m" is further described as a white male with black hair, no glasses, between 25 to 34, 140 to 160 pounds, and 5'6" to 5'9." (*Id.*) As admitted in the Affidavit, service documents were not provided to Antonoff personally. (*Id.*) And Antonoff does not know, does not reside with, does not employ, and is not affiliated with any person by the name of "Mickelson m."

4

(Ex. 1 ¶¶ 4, 6-7). Further, no males other than Antonoff reside in Antonoff's home. (*Id.* ¶ 5). Therefore, service was not effected on Antonoff under Florida Statute 48.031(1)(a) or its counterpart under Federal Rule of Civil Procedure 4(e)(2)(B).[2]

To the extent New York's personal service statute applies, service was still not proper because Antonoff was not personally served and the other form of service requires both a delivery and a mailing, which must occur within twenty days of each other. None of those requirements are met. *See Rotonde*, 233 N.Y.S.3d at 537 (finding service invalid under C.P.L.R. Section 308(2) where plaintiff failed to identify someone of suitable age and discretion in affidavit and failed to comply with "strictly construed" mailing requirements). First, again, it is undisputed that Antoff was not personally served. [ECF 18 at 5]. Second, Antonoff does not know, does not reside with, does not employ, and is not affiliated with any person by the name of "Mickelson m." (Ex. 1 ¶¶ 4, 6-7). Third, even if he did, the Affidavit of Service includes only the name of an unknown individual and lists his wide-ranging physical characteristics. [ECF 18 at 5]. Such an affidavit, "wholly lacking in specifics, does not amount to a showing that defendant was properly served." *U.S. v. Morse*, No. 5:12–CV–129, 2013 WL 427177, at *1 (N.D.N.Y. Feb. 4, 2013) (finding insufficient the service affidavit listing an unnamed "John Doe" with wide-ranging physical characteristics). Fourth, even assuming the delivery element was satisfied, Plaintiff has not mailed a copy of the summons to Antonoff at his usual place of abode or place of business at all (Ex. 1 ¶ 9), let alone within twenty days of the purported delivery on March 7, 2025.  C.P.L.R. § 308(2).

---

[2] Nor was service effective pursuant to Federal Rule of Civil Procedure 4(e)(2)(C), which permits service by delivering a copy to an "agent authorized by appointment or by law to receive service of process." Physical acceptance of the service documents is insufficient to confer such authorization. *Dorrough v. Harbor Sec., LLC*, No. 99-CV-7589, 2002 WL 1467745, at *4n.6 (E.D.N.Y. 2002); *Plain Bay Sales, LLC v. Gallaher*, No. 18-80581, 2018 WL 3404135, at *2 (S.D. Fla. July 12, 2018).  And, in any event, no one present at Antonoff's residence was authorized or appointed to receive service of process on his behalf. (Ex. 1 ¶¶ 7-8).

5

### B. Plaintiff Failed to Properly Serve Dessner

Service of process has also not been properly effected as to Dessner and should be quashed. Again, Plaintiff has failed to comply with Federal Rule of Civil Procedure 4(e)(2) and Florida Statute 48.031(1)(a) because process was not delivered to Dessner (the person to be served) nor were copies left at his usual place of abode with any person residing therein who is 15 years of age or older. *Merritt v. Knowles*, No. 6:24-cv-1365, 2025 WL 949403, at *2 (M.D. Fla. Mar. 28, 2025) (quashing pro se plaintiff's attempted service on individual defendant for failing to serve defendant personally or leave documents with suitable individual at her usual place of abode). Plaintiff's affidavit of service states that on March 11, 2025, the process server personally served Aaron Dessner at his residence in New York by handing the summons, complaint, and cover sheet to him. [ECF 18 at 3]. This did not happen. On that date, an unknown individual drove into Dessner's driveway, but did not identify themselves or why they were present and that individual departed without handing any papers to Dessner. (*See* Ex. 2 ¶¶ 4-6). Nor did any individual leave documents with an individual who permanently resides with Dessner or with any agent authorized to accept service. (*Id.* ¶¶ 8-9). To date, no documents have been personally delivered to Dessner, to someone of suitable age and discretion who resides with Dessner, or to an agent authorized to receive service of process on behalf of Dessner. (*Id.* ¶¶ 7-9). Therefore, Dessner was never personally served under Florida Statute 48.031(1)(a) or Federal Rule of Civil Procedure 4(e).

Nor was service of process effective under New York law. *See* C.P.L.R. § 308(1), (2). As noted above, Dessner was not personally served with any documents on March 11, 2025. (Ex. 2 ¶¶ 4-7); C.P.L.R. § 308(1). And Plaintiff does not claim that she delivered the summons to another individual at Dessner's residence or subsequently made the required mailing laid out in C.P.L.R.

6

Section 308(2). Indeed, there is no such proof of service on the docket asserting or complying with these requirements.

* * *

Plaintiff's attempted service on Antonoff and Dessner were not made in compliance with Federal Rule 4(e), Florida Statute 48.031(1)(a), or New York C.P.L.R. § 308(1) or (2). *Hoffman*, 2025 WL 1727901, at *2 (quashing service for failing to comply with Rule 4(e) or Florida law); *Rotonde*, 233 N.Y.S.3d at 537 (dismissing individual defendant where service invalid under C.P.L.R. § 308(2)); *Merritt*, 2025 WL 949403, at *2 (quashing service for failing to personally deliver or deliver to suitable individual at defendant's usual place of abode). Plaintiff's purported service should be quashed.

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to properly serve Defendants Antonoff and Dessner in accordance with the Federal Rules and relevant state law. The purported service of process should be quashed.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(2), Counsel for the movants has conferred with Plaintiff regarding Defendants' Motion to Quash Service of Process on Defendants Jack Antonoff and Aaron Dessner in a good faith effort to resolve the issues raised in the Motion. Plaintiff does not agree to the relief requested herein.

DATED: August 18, 2025                                          Respectfully Submitted,

                                                                By: */s/ James Douglas Baldridge*
                                                                James Douglas Baldridge
                                                                (Florida Bar No. 708070)
                                                                Katherine Wright Morrone
                                                                (admitted *pro hac vice*)

600 Massachusetts Ave, NW  
Washington, D.C. 20001  
Tel: (202) 344-4000  
Fax: (202) 344-8300  
jbaldridge@venable.com  
kwmorrone@venable.com  

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on August 18, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ James Douglas Baldridge*
James Douglas Baldridge
