## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FORT PIERCE DIVISION

Case No. 2:25-cv-14067-CANNON

KIMBERLY MARASCO,

     *Plaintiff,*

v.

TAYLOR SWIFT; JACK ANTONOFF;
AARON DESSNER; UNIVERSAL MUSIC
GROUP, INC.; REPUBLIC RECORDS,

     *Defendants.*

---

## DEFENDANTS JACK ANTONOFF AND AARON DESSNER'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO MOTION TO QUASH

Individual defendants Jack Antonoff ("Antonoff") and Aaron Dessner ("Dessner") (collectively for this Opposition, the "Defendants"), who are appearing for the sole and limited purpose of moving to quash Plaintiff Kimberly Marasco's ("Plaintiff's") insufficient service of process, hereby submit this opposition to Plaintiff's improper and unsupported Motion for Leave to File a Sur-Reply [ECF 49] ("Motion for Sur-Reply") and state as follows:

1.     Antonoff and Dessner filed a motion to quash Plaintiff's insufficient service of process on August 18, 2025. [ECF 44].

2.     In support of the motion to quash, Antonoff and Dessner each provided a sworn statement, which detailed inaccuracies in Plaintiff's process servers' affidavits of service such that purported service was deficient and not properly effected. [ECF 44-1, ECF 44-2]. Antonoff's declaration attested that the individual allegedly served was not a co-resident because he does not

know a "Mickelson m" and does not have a male co-resident. [ECF 44-1]. Dessner's declaration attested that an unknown individual approached his property but did not hand him or anyone else case-initiating papers. [ECF 44-2].

3.      On August 21, 2025, Plaintiff opposed Defendants' motion to quash. [ECF 45]. Plaintiff contended service on both Defendants was proper under Florida law, but Plaintiff cited no additional facts in support of this argument and merely re-attached the process servers' inaccurate affidavits of service. [ECFs 45 at 3-5, 45-1, 45-2].

4.      Defendants filed a reply in support of their motion to quash on August 28, 2025. [ECF 48]. The reply explained that Plaintiff's opposition failed to come forward with any facts to rebut the Defendants' sworn declarations, and that Plaintiff's sole reliance on the process servers' discredited affidavits of service was insufficient to carry her burden. [ECF 48 at 1, 3].

5.      On August 29, 2025, Plaintiff filed the Motion for Sur-Reply. [ECF 49]. In it, Plaintiff contends that a sur-reply is necessary because Defendants' reply introduced "new arguments" not addressed in Plaintiff's opposition and to "clarify factual disputes." [ECF 49 at 1-2]. Plaintiff is wrong on both counts and has provided no sufficient basis for the Motion for Sur-Reply.

6.      First, as an initial matter, Plaintiff's Motion for Sur-Reply is procedurally improper and should be denied on this basis alone. Plaintiff failed to comply with this Court's Local Rule 7.1(a)(2) by filing the Motion for Sur-Reply without the requisite good faith conference with counsel. *O'Brien v. Flick*, No. 24-61529, 2025 U.S. Dist. LEXIS 10625, at *18-19 (S.D. Fla. Jan. 10, 2025) (striking pro se plaintiff's proposed sur-reply that failed to comply with required pre-filing conference); *Mainardi v. Unite Here Loc. 355*, No. 23-cv-23339, 2023 WL 7929062, at *1 (S.D. Fla. Nov. 9, 2023) ("Plaintiffs appearing *pro se* are required to comply with the Federal

Rules of Civil Procedure and the Local Rules of the Southern District of Florida."); *McLeod v. Sec'y, Fla. Dep't of Corr.*, 679 F. App'x 840, 843 (11th Cir. 2017); *see also* S.D. Fla. L.R. 1.1 (explaining that the word "counsel" shall apply to a party that is proceeding pro se). Plaintiff failed to include the required Rule 7.1(a)(2) certification in her Motion for Sur-Reply and, in fact, did not confer with Defendants prior to filing it.  Having failed to comply with this Court's Local Rules, the Motion for Sur-Reply should be denied.

7.     Second, substantively, there is no basis for Plaintiff's Motion for Sur-Reply. Sur-replies are only permitted in limited circumstances, none of which apply here. Specifically, Sur-replies are only permitted in "exceptional circumstances" in the Court's discretion when a "valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *EEOC v. Univ. of Miami*, No. 19-23131, 2021 WL 2349490, at *1 (S.D. Fla. June 9, 2021); *Derhem v. Bay House Miami Condo. Ass'n*, No. 20-22318-CV, 2024 WL 5516577, at *1 (S.D. Fla. Dec. 3, 2024). Otherwise, "[t]o allow such sur-replies as a regular practice would put the court in the position of refereeing an endless volley of briefs." *Amargos v. Verified Nutrition, LLC*, 666 F. Supp. 3d 1249, 1250 (S.D. Fla. 2022). This standard applies equally to pro se litigants, who are still required to comply with the relevant rules and procedures. *See, e.g.*, *Derhem*, 2024 WL 5516577, at *1 (denying pro se plaintiff's motion for leave to file sur-reply); *see also Reeves v. Wilbanks*, 542 F. App'x 742, 746-47 (11th Cir. 2013) ("[*P*]*ro se* litigants are still required to follow the rules of civil procedure.").

8.     Here, there are no new arguments or "[m]ischaracterizations" in Defendants' reply that warrant a sur-reply. [ECF 49 ¶ 5]. Plaintiff complains that Defendants' reply raised a new argument by showing that her exclusive reliance on the initial affidavits of service *in her opposition* failed to carry her burden to establish the validity of service. [ECF 49 ¶ 5]. But it is

well-established that this type of argument is not new; the purpose of briefing a motion requires the movant to reply to the arguments and evidence the nonmovant provides in opposition. *EEOC v. Univ. of Miami*, No. 19-23131, 2021 WL 2349490, at *1-2 (S.D. Fla. June 9, 2021). That is exactly what Defendants did in reply. Where, as here, a reply responds to arguments and evidence raised in an opposition, courts in this Circuit recognize that those rebuttals are not "new" and do not warrant a sur-reply. *Id.*; *Chemence Med. Products, Inc. v. Medline Indus., Inc.*, 119 F. Supp. 3d 1376, 1383 (N.D. Ga. 2015). Further, Plaintiff's baseless generic reference to Defendants' "[m]ischaracterizations" of Florida law cannot and do not support her request either because she has not actually identified any so-called mischaracterization in her Motion for Sur-Reply or in the proposed Sur-Reply. [ECF 49 ¶ 5; ECF 49-1]; *EEOC*, 2021 WL 2349490, at *1-2 (rejecting plaintiff's argument that a "sur-reply [was] necessary to address unspecified misstatements of law in [the] reply brief" since court had sufficient briefing on the issue). This is because there are no mischaracterizations. There is simply no basis for Plaintiff's request for a sur-reply here.[1]

9.     In addition to these deficiencies, Plaintiff's Motion for Sur-Reply should also be denied as futile. Plaintiff's proposed Sur-Reply adds no new arguments or evidence that bear on the two issues before the Court: (1) whether a co-resident of Antonoff's was served or (2) whether

---

[1] Notably, in discussing the legal standard for a motion for leave to file a sur-reply, Plaintiff cites to two decisions that Defendants have been unable to locate and do not appear to be real. [*See* ECF 49 ¶ 3 (citing *Seay v. United States Steel Corp.*, No. 17-70362, 2017 WL 4052798, at *1 (S.D. Fla. Aug. 24, 2017) and *First Specialty Ins. Corp. v. GRS Mgmt. Assocs., Inc.*, No. 08-81356, 2009 WL 2169866, at *2 (S.D. Fla. July 20, 2009)). This is not the first time that Plaintiff has used fake citations [*see* ECF 28 at 9 n.6; ECF 41 at 14 n.9], and the Court may impose sanctions upon her, up to and including dismissal, for continuing to do so. *See O'Brien*, 2025 U.S. Dist. LEXIS 10625, at *14-17 (explaining the harms associated with using fake citations, discussing the appropriateness of sanctions for the use of same, and dismissing pro se plaintiff's claim for use of non-existent case citations the court believed were generated by artificial intelligence); *Garza v. Barella*, CV424-264, 2025 WL 416361, at *7 (S.D. Ga. Feb. 6, 2025) (noting that, under Rule 11, "[i]naccurate citations to authority may also subject [the pro se plaintiff] to sanctions").

a process server handed papers to Dessner. [ECF 44 at 4-7; ECF 48 at 3-6]. The Sur-Reply relies again on the process servers' erroneous affidavits of service, repeating the same statements that Defendants' unrebutted declarations have sworn are inaccurate. [ECF 49-1 at 1-3; ECF 49-2 (attaching the same)]. Plaintiff's only additions, links to google geolocation information and grainy black and white photos of (what Defendants assume were) the attempted service locations [ECF 49-1 at 2; ECF 49-3; ECF 49-5], are irrelevant because the *locations* of service are not in dispute in the Motion to Quash. What is in dispute is whether specific individuals were in fact served in the method claimed in the affidavits of service. Therefore, even considering the Sur-Reply, Plaintiff has failed to carry her burden to refute Defendants' clear and convincing declarations that "Mickelson m" was not Antonoff's co-resident and that the process server never handed documents to Dessner. [ECF 48 (citing, *inter alia*, *Merritt v. Knowles*, No. 6:24-cv-1365, 2025 WL 949403, at *2 (M.D. Fla. Mar. 28, 2025); *Edmunds v. Asurion, LLC*, No. 22-cv-60361, 2024 WL 620932, at *4-6 (S.D. Fla. Feb. 14, 2024); *Pizarro v. Vida Cafe, LLC*, No. 10-cv-22112, 2012 WL 12964494, at *3-4 (S.D. Fla. May 10, 2012); *Hollander v. Wolf*, No. 09-cv-80587, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009))]. Plaintiff's request to file the Sur-Reply is futile and should be denied.[2]

## **CONCLUSION**

For the foregoing reasons, Plaintiff's improper Motion for Leave to File a Sur-Reply should be denied.

---

[2] Should the Court allow the Sur-Reply, Defendants respectfully request leave to respond more fully to demonstrate the Sur-Reply is substantively flawed, continues to mis-cite cases, and adds only irrelevant information, none of which correct the defective service attempts on Antonoff and Dessner and all of which was available to Plaintiff when she filed her Opposition to the Motion to Quash.

DATED: September 12, 2025

Respectfully Submitted,

By: */s/ James Douglas Baldridge*
James Douglas Baldridge
(Florida Bar No. 708070)
Katherine Wright Morrone
(admitted *pro hac vice*)
600 Massachusetts Ave, NW
Washington, D.C. 20001
Tel: (202) 344-4000
Fax: (202) 344-8300
jbaldridge@venable.com
kwmorrone@venable.com

*Attorneys for Defendants*

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 12, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ James Douglas Baldridge*
James Douglas Baldridge