UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No. 2:25-cv-14067-CANNON

KIMBERLY MARASCO,

    *Plaintiff,*

v.

TAYLOR SWIFT; JACK ANTONOFF; AARON DESSNER; UNIVERSAL MUSIC GROUP, INC.; REPUBLIC RECORDS,

    *Defendants.*

**DEFENDANTS JACK ANTONOFF AND AARON DESSNER'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF**

    Individual defendants Jack Antonoff ("Antonoff") and Aaron Dessner ("Dessner") (collectively for this Opposition, the "Defendants"), who are appearing for the sole and limited purpose of moving to quash Plaintiff Kimberly Marasco's ("Plaintiff's") insufficient service of process, hereby submit this Opposition to Plaintiff's Motion for Relief Due to Prejudice from Defendants' Delayed Objection to Service and Request for Evidentiary Hearing, Leave to Cure, or Equitable Tolling ("Motion for Relief") [ECF 50]. In reality, Plaintiff's "Motion for Relief" is another improper sur-reply to Defendants' motion to quash, filed without the requisite good faith conference and without the required leave from the Court, and is otherwise baseless. It should be denied and/or stricken from the record for these reasons.

    1.    As set forth in Defendants' Opposition to Plaintiff's Motion for Leave to File Sur-Reply [ECF 51], Defendants Antonoff and Dessner's motion to quash Plaintiff's insufficient

service of process ("Motion to Quash" [ECF 44]) was fully briefed on August 28, 2025. *See* [ECF 51 ¶¶ 1-4 (citing ECF 44; ECF 45; ECF 48)].

2.  On August 29, 2025, Plaintiff filed a Motion for Leave to File a Sur-Reply ("Motion for Sur-Reply") [ECF 49] to the Motion to Quash. The Motion for Sur-Reply was filed without the required good faith conference with counsel, and failed to identify any basis to permit a sur-reply to the Motion to Quash. [*See generally* ECF 51 ¶ 6].

3.  On September 3, 2025, Plaintiff filed the instant Motion for Relief [ECF 50]. Similar to the Motion for Sur-Reply, the Motion for Relief (which in reality is another improper sur-reply) is procedurally and substantively flawed and should be denied or stricken from the record.

4.  First, Plaintiff again failed to comply with this Court's Local Rule 7.1(a)(2) by filing the Motion for Relief without the requisite good faith conference with counsel and attendant certification. *See* S.D. Fla. L.R. 7.1(a)(2) (requiring "[p]rior to filing any motion in a civil case" that counsel for the movant "shall confer" or "make reasonable effort to confer" "with all parties or non-parties who may be affected by the relief sought" and requiring a certification in the motion regarding the same). The Motion for Relief can and should be denied on that basis alone. *O'Brien v. Flick*, No. 24-61529, 2025 U.S. Dist. LEXIS 10625, at *18-19 (S.D. Fla. Jan. 10, 2025) (striking pro se plaintiff's proposed sur-reply that failed to comply with required pre-filing conference); *Mainardi v. Unite Here Loc. 355*, No. 23-cv-23339, 2023 WL 7929062, at *1 (S.D. Fla. Nov. 9, 2023) ("Plaintiffs appearing *pro se* are required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida."); *see also McLeod v. Sec'y, Fla. Dep't of Corr.*, 679 F. App'x 840, 843 (11th Cir. 2017); S.D. Fla. L.R. 1.1 (explaining that the word "counsel" shall apply to a party that is proceeding pro se).

2

5. Second, although styled as a "motion," the Motion for Relief is in reality another improper sur-reply to Defendants' Motion to Quash and should be denied and/or stricken on that basis. Specifically, Plaintiff advances, again, arguments she made in Opposition to the Motion to Quash [ECF 45] and Motion for Leave to File Sur-Reply [ECF 49] regarding a request for an evidentiary hearing, leave to cure her deficient service, and purported untimeliness of the Motion to Quash. [*Compare* ECF 50 at 1 (Plaintiff requesting evidentiary hearing and leave to cure defective service attempts and complaining that timing of motion to quash prejudiced plaintiff), *with* ECF 45 at 6 (Plaintiff's Opposition to the Motion to Quash requesting the same and complaining of timing)]; [ECF 49, 49-1 (Plaintiff proposing sur-reply seeking hearing and leave to cure)]. This serial filing—which was filed without seeking leave—clearly violates Local Rule 7.1(c)(1) and should not be considered. *See* L.R. 7.1(c)(1) (explaining that after a reply is filed "[n]o further or additional memoranda of law shall be filed and served without prior leave of Court); *Nunez v. Am. Airlines, Inc.*, No. 1:25-21630, 2025 U.S. Dist. LEXIS 141848, at *19 (S.D. Fla. July 24, 2025) (recognizing that Court had previously stricken the pro se "Plaintiff's improper sur-reply masquerading as a 'Notice'"); *Youngblood v. Grycon*, No. 21-cv-61360, 2021 WL 10298353, at *3 & n.1 (S.D. Fla. Dec. 23, 2021) (striking pro se plaintiff's sur-reply on motion to dismiss as unauthorized where plaintiff "failed to seek the Court's permission to file his Sur-Reply"); *Jean v. Minn. Life Ins. Co.*, No. 19-21626, 2020 WL 2926663, at *1 (S.D. Fla. May 12, 2020) (striking Plaintiff's "notice" as improper sur-reply filed without leave). Otherwise, "[t]o allow such sur-replies as a regular practice would put the court in the position of refereeing an endless volley of briefs." *Amargos v. Verified Nutrition, LLC*, 666 F. Supp. 3d 1249, 1250 (S.D. Fla. 2022) (citation omitted). There is no basis to permit Plaintiff to make serial filings on the same

issues that have already been fully briefed. The Motion should be denied and/or stricken for continuing to flout this Court's Local Rules.

6. To the extent the Court considers the Motion for Relief, it is baseless and should be easily rejected. First, regarding Plaintiff's repeated request for an evidentiary hearing, [ECF 50 at 1], Defendants' Reply to the Motion to Quash already explained that no hearing is warranted here. Plaintiff has failed to come forward with any relevant evidence in response to Defendants' sworn declarations [ECF 48 at 7], and Plaintiff has provided no authority in either of her improper sur-replies supporting this request.[1] Second, Plaintiff's unsupported assertion that Defendants' Motion to Quash is somehow untimely [ECF 50 at 2] should be rejected for the reasons explained in Defendants' Reply to the Motion to Quash: Defendants moved while other service issues were pending to promote judicial economy, and Plaintiff has identified no authorities requiring Defendants to proceed differently. [ECF 48 at 6 n.6]. Indeed, Defendants could have also raised these service deficiencies in their forthcoming combined motion to dismiss, which would have delayed resolution of the service issues even longer. [*See* ECF 22 (requiring a combined response from defendants in this Action)]; *Aguila v. RQM+ LLC*, No. 23-cv-24702, 2025 WL 2349024, at *2-3 (S.D. Fla. Aug. 12, 2025). It was the ability to resolve service issues before filing a fulsome, combined motion to dismiss that prompted the filing of the Motion to Quash in the first place. Third, Plaintiff's request for leave to cure and an extension for the same [ECF 50 at 3] should be rejected because confusion and unfamiliarity with service requirements are insufficient to satisfy

---

[1] Plaintiff continues to inaccurately (and exclusively) cite *Pizarro v. Vida Cafe, LLC*, No. 10-cv-22112, 2012 WL 12964494, at *3-4 (S.D. Fla. May 10, 2012) [ECF 50 at 3; ECF 49-1 at 2-3] in support of the request for an evidentiary hearing. However, *Pizarro* provides no support for this request. The Court in *Pizarro* determined that the plaintiff failed to carry their burden to establish the validity of service based on the *filings* submitted to the Court: affidavits and documents. *Id.* There was no evidentiary hearing nor any request for one.

the requisite good cause standard governing such extensions. [ECF 48 at 7-8 (citing *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007); *Dolan v. Custom Servs. LLC*, No. 19-cv-63102, 2021 WL 7084702, at *3 (S.D. Fla. Mar. 17, 2021))]. Fourth, Plaintiff makes a new request for equitable tolling in the event the Court agrees that the service attempts are deficient. [ECF 50 at 1]. This request is puzzling because Plaintiff admits that there is nothing here to toll. [*See* ECF 50 ¶ ("Plaintiff's claims remain timely until at least March 2027"). Plaintiff's meritless (and largely repetitive requests) should be rejected.

7.  Finally, throughout the Motion for Relief, Plaintiff contends that she has been prejudiced by Defendants' Motion to Quash the defective service attempts because she was not put on notice of their defects sooner. [*See* ECF 50 at 2-3]. But, Plaintiff has already acknowledged that this Court's order expressly provided that service could be challenged later. [ECF 24 ("Nothing in this Order should be construed as a final determination on any service issue or service challenge in this case.")]; [ECF 49-1 at 3 ("Defendants correctly note that the Court's April 9, 2025, Order (ECF 24) did not make a final determination on service validity.")]. Plaintiff has thus always been aware that the affidavits of service could be challenged. In addition, Plaintiff's arguments that she is prejudiced by the "further delays" and "increasing costs and effort to address" the defective service attempts are without merit; it has always been Plaintiff's burden to effect service and establish proper service when challenged. [ECF 48 at 2-3 (citing, *inter alia*, *Merritt v. Knowles*, No. 6:24-cv-1365, 2025 WL 949403, at *1-2 (M.D. Fla. Mar. 28, 2025) (rejecting pro se plaintiff's defective service attempt and explaining that the pro se plaintiffs still must comply with service requirements and have the burden to prove the validity of service)]. Nothing about Defendants' Motion to Quash alters these realities. Plaintiff cannot contend that she is prejudiced by the burden every plaintiff has in prosecuting their case.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Relief Due to Prejudice from Defendants' Delayed Objection to Service and Request for Evidentiary Hearing, Leave to Cure, or Equitable Tolling should be denied and/or stricken from the record.


DATED: September 17, 2025                                    Respectfully Submitted,

By: /s/ *James Douglas Baldridge*
James Douglas Baldridge
(Florida Bar No. 708070)
Katherine Wright Morrone
(admitted *pro hac vice*)
600 Massachusetts Ave, NW
Washington, D.C. 20001
Tel: (202) 344-4000
Fax: (202) 344-8300
jbaldridge@venable.com
kwmorrone@venable.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 17, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

>*/s/ James Douglas Baldridge*
> James Douglas Baldridge