UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 25-14067-CIV-CANNON

KIMBERLY MARASCO,

    Plaintiff,
v.

TAYLOR SWIFT *et al.*,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS JACK ANTONOFF AND AARON DESSNER'S MOTION TO QUASH SERVICE

**THIS CAUSE** comes before the Court upon the Motion to Quash Service, filed by Defendants Jack Antonoff and Aaron Dessner on August 18, 2025 (the "Motion") [ECF No. 44]. Defendants Antonoff and Dessner seek to quash service as insufficient under Rule 4(e) [ECF No. 44]. They do not seek dismissal for failure to serve under Rule 12(b)(5) [ECF No. 44].

The Court has reviewed the Motion [ECF No. 44], the declarations from Antonoff and Dessner [ECF Nos. 44-1, 44-2], Plaintiff's Opposition [ECF No. 45], the original summonses as to Defendants Antonoff and Dessner [ECF No. 18], and Defendants' Reply [ECF No. 48]. Upon full review, the Motion [ECF No. 44] is **GRANTED**, the purported service on Defendants Antonoff and Dessner is quashed, and Plaintiff is given **one final opportunity** to properly serve Defendants Antonoff and Dessner.[1]

---

[1] Since the Motion became ripe on August 28, 2025, Plaintiff has filed two additional motions: (1) a Motion for Leave to File a Sur-Reply [ECF No. 49]; and (2) a Motion for Relief Due to Prejudice from Defendants' Delayed Objection to Service [ECF No. 50]. Given the Court's decision to grant Defendants' Motion and permit Plaintiff one final opportunity to properly serve Defendants Antonoff and Dessner, these two additional motions are **denied as moot** as indicated below [ECF Nos. 49, 50].

CASE NO. 25-14067-CIV-CANNON

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this 13-count copyright-infringement action on February 28, 2025, against five Defendants: Universal Music Group, Inc., Republic Records, Jack Antonoff, Aaron Dessner, and Taylor Swift [ECF No. 1].[2] Following transfer of the case to this Court in March 2025 [ECF No. 19], the Court entered an Order on April 9, 2025, clarifying Defendants' response deadline and the status of service [ECF No. 24]. That Order first explained that, in accordance with the Combined Responses Order [ECF No. 22], "no Defendant—even if that Defendant is already properly served—may file an answer or responsive motion until all Defendants have been properly served as reflected through proper proof on the docket" [ECF No. 24]. The Court also laid out the relevant service-related filings to date, noting that "[n]othing in this Order should be construed as a final determination on any service issue or service challenge in this case" [ECF No. 24]. Up to that point, four of the five Defendants were purportedly served:

- Defendants United Music Group and Republic Records were served on March 4 and 7, 2025, respectively [ECF No. 7; ECF No. 18 p. 1];

- Defendant Antonoff was purportedly served on March 7, 2025, via substituted service by leaving the documents at his usual place of abode with an individual named "Mickelson m" [ECF No. 18 p. 5]; and

- Defendant Dessner was purportedly personally served on March 11, 2025 [ECF No. 18 p. 3].

For the next three months, the parties disputed whether Defendant Swift could be properly served via the Florida Secretary of State under Florida Statute sections 48.161 and 48.181 [*see*

---

[2] The claims in Plaintiff's Complaint in this case (*Marasco II*) are substantially similar to the claims brought by Plaintiff against Defendants Taylor Swift and Taylor Swift Productions, Inc. in Case Number 24-cv-14153-AMC (*Marasco I*). In *Marasco I*, the Court dismissed Defendant Taylor Swift without prejudice for failure to timely serve. *See Marasco v. Taylor Swift Productions, Inc.*, No. 24-cv-14153, Doc. 66 (S.D. Fla. Dec. 30, 2024). Defendant Taylor Swift Productions, Inc., then moved to dismiss Plaintiff's Amended Complaint in that case for failure to state a claim, which is currently pending before this Court. *Marasco I*, Doc. 68.

ECF Nos. 26, 31, 34, 41]. On July 22, 2025, the Court entered an Order concluding that Plaintiff satisfied both the due-diligence and jurisdictional prongs for substituted service under Fla. Stat. §§ 48.161 and 48.181 as to Defendant Swift—but that Plaintiff had not complied with the procedural requirements under Fla. Stat. § 48.161(1) and (3) [ECF No. 42]. The Court permitted Plaintiff thirty days to comply with the procedural requirements [ECF No. 42], which Plaintiff did on August 21, 2025, by filing an Affidavit of Compliance [ECF No. 46]. Accordingly, the Court deemed Swift served on August 22, 2025 [ECF No. 47].

In the middle of the Swift-related substituted-service saga, Defendants Antonoff and Dessner filed the instant Motion—over five months after they were purportedly served [ECF No. 44]. Antonoff argues, backed by a sworn declaration, that he "does not know, does not reside with, does not employ, and is not affiliated with any person by the name of 'Mickelson m,'" the individual listed on the purportedly executed summons [ECF No. 44 pp. 4–5; ECF No. 44-1; *see* ECF No. 18 p. 5 (summons)]. In fact, Antonoff argues, no other male individual resides in his home, and he has not authorized anyone to receive service of process on his behalf [ECF No. 44 p. 5; ECF No. 44-1]. Dessner similarly argues, also backed by a sworn declaration, that no one ever handed him the service documents, contrary to purported individual delivery of the services documents reflected on the executed summons [ECF No. 44 pp. 6–7; ECF No. 44-2; *see* ECF No. 18 p. 3]. He further says that, on March 11, 2025, "an unknown woman pulled into [his] driveway" but never identified herself [ECF No. 44-2 p. 2]. When Dessner stepped outside to see who the person was, the individual "then left the property and did not hand [him] any papers or anything else" [ECF No. 44-2 p. 3]. Antonoff and Dessner thus ask the Court to quash Plaintiff's insufficient services of process.

Plaintiff filed a Response in Opposition to the Motion on August 21, 2025 [ECF No. 45].

3

Plaintiff argues that Defendants' "vague denials lack evidence" and relies exclusively on the two purportedly executed summonses [ECF No. 45 pp. 2–5; ECF No. 18 p. 3 (Dessner summons); ECF No. 18 p. 5 (Antonoff summons)].[3] She introduces no other evidence as to the service attempts on Dessner and Antonoff. Defendants filed a Reply, pointing to Plaintiff's failure to produce any rebuttal evidence to the sworn declarations [ECF No. 48]. The Motion is now ripe for review.

## LEGAL STANDARDS

"While defendants do not specifically request relief under Federal Rules of Civil Procedure 12(b)(4) or 12(b)(5), motions to quash are filed pursuant to those rules." *Hollander v. Wolf*, No. 09-80587, 2009 WL 3336012, at *2 (S.D. Fla. Oct. 14, 2009); *see* Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1353 (4th ed.). "Motions to quash filed pursuant to Rule 12(b)(5) challenge the sufficiency of service [of process]." *Id.*

Statutes governing service of process must be strictly construed and enforced. *Koster v. Sullivan*, 160 So. 3d 385, 388 (Fla. 2015). The burden of proving the validity of service of process is on the plaintiff. *See Anthony v. Gary J. Rotella & Assocs., P.A.*, 906 So. 2d 1205, 1207 (Fla. Dist. Ct. App. 2005); *Familia de Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980).[4] A defendant challenging the validity of service must "describe with specificity how the service of process failed to meet the procedural requirements of Federal Rule of Civil Procedure 4." *Hollander*, 2009 WL 3336012, at *3; *see Aguila v. RQM+ LLC*, No. 23-24702, 2025 WL 2322438, at *4 (S.D. Fla. Aug. 12, 2025). If the defendant does so, the burden shifts to the plaintiff

---

[3] Plaintiff attached the summonses, which are already docketed at ECF No. 18, to her Response [ECF Nos. 45-1, 45-2].

[4] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981).

4

to set forth a prima facie case of proper service. *Id.* at *3. *Cf. Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) (describing similar burden-shifting framework to personal-jurisdiction challenges). If the plaintiff provides prima facie evidence of proper service, the burden then shifts back to the defendant to "bring strong and convincing evidence of insufficient process." *Id.* "In determining whether the plaintiff properly effectuated service of process, a court may look to affidavits, depositions, and oral testimony submitted by both parties." *Aguila*, 2025 WL 2322438, at *4; *see* Wright & Miller § 1353, *supra* ("If the defendant introduces uncontroverted affidavits in support of a motion to quash service, the content of those affidavits will be deemed admitted for purposes of the motion.").

Rule 4(e) sets forth the requirements for proper service of process and allows a plaintiff to serve a defendant by several methods, including any method allowed by state law or by leaving a copy of the summons and complaint at the defendant's usual place of abode with someone of suitable age and discretion residing at that place. Fed. R. Civ. P. 4(e)(1)-(2). Florida law also allows service on an individual of suitable age who resides at the defendant's dwelling. Fla. Stat. § 48.031(1)(a).

**DISCUSSION**

The Motion to Quash is due to be granted because Defendants Antonoff and Dessner have introduced unrebutted sworn declarations specifying how the respective service attempts were insufficient. Plaintiff has not carried her burden to set forth a prima facie case of proper service in response.

Defendants Antonoff and Dessner have sufficiently challenged service by describing with specificity the defects in the purported services attempts. Antonoff explains that the purported service on "Mickelson m.," as a supposed permanent co-resident, is insufficient for several reasons

[ECF No. 44 pp. 4–5].  Antonoff does not know, reside with, employ, or affiliate with any person by that name [ECF No. 44 pp. 4–5; ECF No. 44-1 p. 2].  Nor has anyone by that name—or any other male, for that matter—ever resided in Antonoff's home [ECF No. 44 p. 5; ECF No. 44-1 p. 2].  Finally, Antonoff declares that he has never authorized *anyone* to receive service of process on his behalf [ECF No. 44 p. 5; ECF No. 44-1 p. 3].  For his part, Dessner argues that the purported personal service at his residence never occurred [ECF No. 44 pp. 6–7].  He says, in a sworn declaration, that an unknown individual drove into his driveway, did not identify herself, and then drove away without handing him any papers [ECF No. 44 p. 6; ECF No. 44-2 pp. 2–3].  To this day, he says, he has never been handed the summons, complaint, and cover sheet [ECF No. 44-2 p. 3].  These specific challenges to service, via sworn declarations, shift the burden to Plaintiff to make a prima facie case of service.

Plaintiff has not carried her burden in Response.  She simply criticizes Defendants' arguments as "vague denials [that] lack evidence" and relies entirely on the original purportedly executed summonses to back her argument [ECF No. 45 pp. 2–5].  But Defendants' arguments are not vague denials—rather, they are specific attacks on the insufficiency and/or inaccuracy of the purported service attempts.  Indeed, it is Plaintiff's original purportedly executed summonses that are vague and deficient [ECF No. 18 pp. 3, 5].  Antonoff's summons vaguely says the process server served "Mickelson m who is a permanent co-resident . . . of Jack Antonoff" [ECF No. 18 p. 5].  There is no other information whatsoever on the summons.  Dessner's summons is equally as vague, noting that service was made "by handing the following documents to an individual identified as Aaron Desner" [ECF No. 18 p. 3].  Dessner swears no such handing of documents ever occurred.  Plaintiff proffers nothing in response, instead relying on the very thing that Dessner rebutted.  That is not enough to carry her burden.

Defendants Antonoff and Dessner do not ask for any relief beyond quashing of service. The Court determines that dismissal would not be warranted in any event, as the Motion came over five months after the purported service attempts. Defendants Antonoff and Dessner have not explained why they waited so long to file the instant Motion, especially as the case remained pending during the Swift-related service dispute. The Court thus determines that, in fairness, Plaintiff should be given one final opportunity to properly effectuate service of process on Defendants Antonoff and Dessner.

## CONCLUSION

For these reasons, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Quash Service, filed by Defendants Jack Antonoff and Aaron Dessner [ECF No. 44], is **GRANTED**.

2. On or before **October 15**, **2025**, Plaintiff shall properly effectuate service of process on Defendants Jack Antonoff and Aaron Dessner and file proof of such service on the docket. **No further extensions of this deadline will be permitted**. Failure to properly effectuate service by October 15, 2025, will result in dismissal of Defendants Antonoff and Dessner without prejudice.

3. In light of this Order, Plaintiff's Motion for Leave to File a Sur-Reply [ECF No. 49] and Motion for Relief due to Prejudice from Defendants' Delayed Objection to Service [ECF No. 50] are **DENIED AS MOOT**.

**ORDERED** in Chambers at Fort Pierce, Florida, this 26th day of September 2025.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record