UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 25-14067-CIV-CANNON

KIMBERLY MARASCO,

      Plaintiff,

v.

TAYLOR SWIFT, AARON DESSNER,
REPUBLIC RECORDS, and UNIVERSAL
MUSIC GROUP, INC.,

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND CLOSING CASE

**THIS CAUSE** comes before the Court upon the Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendants Taylor Swift, Universal Music Group, Inc. ("UMGI"), and Republic Records (the "Motion") [ECF No. 74]. Upon review of the Second Amended Complaint [ECF No. 65], the Motion [ECF No. 74], Plaintiff's Opposition [ECF No. 75], Defendants' Reply [ECF No. 76], and the full record, the Motion [ECF No. 74] is **GRANTED**, and the Second Amended Complaint [ECF No. 65] is **DISMISSED WITH PREJUDICE**.

### RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, proceeding *pro se*, initiated this lawsuit in February 2025, alleging federal copyright infringement against Defendants Taylor Swift, UMGI, Republic Records, Jack Antonoff, and Aaron Dessner [ECF No. 1]. This case closely mirrors *Marasco v. Taylor Swift Productions, Inc.*, No. 24-cv-14153 ("*Marasco I*"), which this Court dismissed with prejudice in September 2025 after concluding that Plaintiff had pled no protectable expression and had not plausibly alleged unlawful copying [*Marasco I*, ECF No. 79]. The two cases involve substantially

the same poems and many of the same allegedly infringing songs; this action adds UMGI and Republic Records as Defendants and asserts infringement by four additional works [ECF No. 65].[1] After Defendant Swift was deemed served under Fla. Stat. §§ 48.161, 48.181 [ECF No. 47], Plaintiff voluntarily dismissed Antonoff [ECF No. 56], following which the Court dismissed Dessner for failure to effectuate service despite affording Plaintiff multiple extensions [ECF Nos. 54, 69].

Plaintiff filed the operative (and final) Second Amended Complaint in October 2025 [ECF No. 65; *see* ECF No. 62 (granting final leave to replead and precluding further amendments)]. In it, Plaintiff alleges that Defendants—an artist, her record label, and its parent company—unlawfully infringed her exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*, by creating videos, performing songs, and promoting concerts using derivative works based on her poetry [ECF No. 65 ¶¶ 3, 18, 46]. Plaintiff is the author of two books that contain various poems—*Dealing with a Chronic Illness: Vestibular Neuritis* ("*Dealing*") and *Fallen from Grace* ("*Fallen*"), which Plaintiff alleges was later renamed *Songs of the Unsung*—together with a standalone poem, "Noah" [ECF No. 65 ¶¶ 4, 9–10, 13]. Plaintiff registered *Dealing* with the U.S. Copyright Office in July 2017, *Fallen* in May 2020, and "Noah" in August 2024 [ECF No. 65 ¶¶ 9–10, 43; ECF No. 65-1]. Plaintiff concedes her books "are not presently being marketed,"

---

[1] The Court takes judicial notice of the decisions in *Marasco I*, which the Court may properly consider on a motion to dismiss without converting it into one for summary judgment. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment."); *see also Dickerson v. Hambrick*, No. 06-CV-2661, 2007 WL 4564102, at *3 (N.D. Ga. 2007) (taking judicial notice of a prior lawsuit at the motion-to-dismiss stage).

and pleads specific sales figures only for *Songs of the Unsung* (the renamed *Fallen*), alleging "approximately 300 copies" sold globally [ECF No. 65 ¶¶ 13, 36, 38].

Sprawling twelve counts, Plaintiff alleges that a variety of Defendants' songs infringe her exclusive rights in various poems [ECF No. 65 ¶¶ 52–154]. To illustrate, Count I alleges that Defendants' song "The Man" (containing the lyric "I'm so sick of running as fast as I can/Wondering if I'd get there quicker if I was a man") infringes Plaintiff's poem "Ordinary Citizen" ("I'm running behind/You say its His word against mine") because both describe a woman working in a male-dominated office environment [ECF No. 65 ¶¶ 52–56]. Count X alleges that "The Great War" ("Diesel is desire, you were playing with fire") infringes "The Fire" ("Anger fuels our desire . . . I'm fighting fire with fire") because both use the metaphor of "desire as fuel and fire" [ECF No. 65 ¶¶ 137–39]. Similar allegations populate the remaining counts.

Defendants timely moved to dismiss with prejudice given the numerous amendments already authorized and the incurable defects in Plaintiff's claims [ECF No. 74]. The Motion is ripe [ECF Nos. 75, 76].

## LEGAL STANDARDS

Rule 8(a)(2) requires complaints to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal under Rule 12(b)(6), a complaint must allege facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). A claim for relief is plausible if the complaint contains factual allegations that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 545). "[C]onclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## DISCUSSION

Defendants advance six grounds for dismissal: (1) shotgun pleading; (2) lack of protectable expression; (3) failure to plead copying through access and substantial similarity; (4) insufficient allegations of pattern, contributory, or vicarious infringement; (5) lack of personal jurisdiction over UMGI; and (6) collateral estoppel [ECF No. 74]. Although the Court declines to apply collateral estoppel in light of its express reservation in *Marasco I* that the prior Order "should not be construed as a final determination of any of Plaintiff's claims in Case No. 25-14067; nor should it be deemed to have preclusive effect in that action" [*Marasco I*, ECF No. 79 p. 12], the Court concludes that Plaintiff's poems do not contain protectable expression and that, regardless, Plaintiff has failed to plausibly plead copying. Dismissal is warranted on those independent grounds, and the Court need not reach Defendants' remaining arguments.

**A. Plaintiff Fails to State a Plausible Claim for Copyright Infringement Because Her Works Are Not Protectable Expressions and, Regardless, She Has Not Plausibly Alleged Copying**.

To state a copyright infringement claim, Plaintiff must plead "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The second prong requires both "copy[ing]" in fact and that the copied elements be "protected expression." *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 89 F.3d 1548, 1554 (11th Cir. 1996). The Court must therefore "first separate

the unprotected facts from the protected expression" before asking whether any copying occurred. *Vallejo v. Narcos Prods. LLC*, 833 F. App'x 250, 257 (11th Cir. 2020).

The Copyright Act "confer[s] copyright protection only on those elements of a work that were original to the author." *Feist*, 499 U.S. at 353. "In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b); *see also Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994) (excluding "'scènes à faire'—stock scenes that naturally flow from a common theme"). Only the second prong is at issue, as Plaintiff's ownership is reflected in the attached certificates of registration [ECF No. 65-1].

**1. None of Plaintiff's Allegedly Infringed Works Qualifies as Protectable Expression Because Each Consists Only of Unprotectable Ideas, Themes, Metaphors, Words, and Short Phrases**.

All of Plaintiff's claims for works previously addressed in *Marasco I* fail for the reasons articulated there. The Second Amended Complaint largely reprises *Marasco I*, alleging infringement of the same poems—including "Ordinary Citizen," "Whirlwind," "Scorpion," "Beams of Light," "Gaslight," "Innocence Lost," "Sky Tinted Water," "Devious Minds," "Stagnate," "Delusional Reality," "Invisible Matter," and "The Fire"—through the same categories of asserted similarity: basic ideas and themes (a woman working in a corporate environment, being "gaslighted," confronting adversity); ubiquitous metaphors (being "submerged" under water, "tears as weapons," "desire as fuel and fire," becoming "the rain/storm"); and isolated common words and short phrases ("tears," "running," "fire," "rain," "sky," "love," "invisible," "caged me," "flesh and blood," "it's time to go") [ECF No. 65]. As this Court already explained in that related case, such content "amount[s] at most to ideas,

5

metaphors, contexts, and themes—none of which is a proper subject of copyright protection under 17 U.S.C. § 501(a)" [*Marasco I*, ECF No. 79 p. 7].   *See Betty, Inc. v. Pepsico, Inc.*, 848 F. App'x 43, 44 (2d Cir. 2021) ("Ideas and themes are often the type of material that we have determined are not copyrightable.").   And "[t]hese common words alone are not copyrightable" either [*Marasco I*, ECF No. 79 p. 8].   *See* 37 C.F.R. § 202.1(a); *see also Apps v. Universal Music Grp., Inc.*, 763 F. App'x 599, 600 (9th Cir. 2019) ("Words and short phrases are not copyrightable, nor are ordinary phrases." (quotation omitted)); *Vallejo*, 833 F. App'x at 259 n.3.   Although the prior Order is not preclusive here, its reasoning applies with equal force given the substantial similarity of the allegations.

To the extent the Second Amended Complaint adds a few additional allegations of infringement, none of those supplemental allegations serve to state a claim for relief.   For example, three counts add a new allegedly infringing song—Count II ("I Can Do It With a Broken Heart"), Count III ("Mastermind"), and Count VI ("The Manuscript")—and Count XI adds a new poem, "Ingenue."   Each addition rests entirely on unprotectable content: the theme of "creative resilience" and the words "art" and "heart" (Count II); the concept of "people as equations" (Count III); a shared reference to musical connection (Count VI, comparing "Tears fell in synchronicity with the score" to "[w]e need to come together like musical notes to poetry"); and the common observation that leaves turn "gold" (Count XI) [ECF No. 65 ¶¶ 69, 88–90, 115–16, 148–49].   These are quintessential themes, concepts, and isolated words—exactly the kind of material copyright law does not protect.   *See* 37 C.F.R. § 202.1(a); *Beal*, 20 F.3d at 459–60.

6

In sum, none of Plaintiff's twelve counts identifies any protected expression. Although that conclusion is sufficient to require dismissal, the Court proceeds to the next step because Plaintiff's independent failure to plead copying further confirms that dismissal is warranted.

**2. Plaintiff Has Not Plausibly Alleged Copying Because She Fails to Adequately Plead Either Access or Substantial Similarity.**

Even if Plaintiff's allegedly copied elements were protectable, Plaintiff has not plausibly alleged copying as required to state a claim for copyright infringement. *See Feist Publications*, *Inc.*, 499 U.S. at 361 ("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."). Because the Second Amended Complaint contains no allegations of direct evidence of copying,[2] Plaintiff must show both (a) that Defendants had access to her works and (b) that the works are "so substantially similar . . . that an average lay observer would recognize the alleged copy as having been appropriated from the original work." *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir. 2002) (quotation omitted). These elements are conjunctive: the failure of either independently defeats a claim of copying [*Marasco I*, ECF No. 79 pp. 8–11].

Because there could be a case to be made that Plaintiff's allegations, while relatively bare, suggest at least some degree of access to her works on the internet [ECF No. 65 ¶¶ 13–16, 21, 33, 36], the Court focuses on the substantial-similarity prong of the copying element. On that score,

---

[2] There are no allegations of direct evidence of copying in the Second Amended Complaint, so this inquiry focuses on whether Plaintiff has pled indirect evidence of copying—that is, access and substantial similarity. *See MiTek*, 89 F.3d at 1554; *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 113 (5th Cir. 1978) ("Since there is seldom direct evidence of 'copying,' the plaintiff generally proves this element by showing that the person who composed the defendant's work had access to the copyrighted work and that the defendant's work is substantially similar to the plaintiff's.").

the Second Amended Complaint fails.[3]   To show substantial similarity, the Court "inquire[s] into whether, as an objective matter, the works are substantially similar in protected expression," and, as part of that inquiry, "determine[s] whether a plaintiff seeks to protect only uncopyrightable elements." *Herzog v. Castle Rock Ent.*, 193 F.3d 1241, 1257 (11th Cir. 1999).   If so, the claim fails and the Court need not proceed to the second test.   *Id.*   Plaintiff's claims fail at the extrinsic step for the very reasons discussed above: once the unprotectable elements are filtered out, nothing remains to compare.   In *Marasco I*, this Court reached precisely that conclusion on a substantially similar pleading, noting that the asserted commonalities consisted only of "unprotectable ideas, themes, metaphors, and isolated words" [*Marasco I*, ECF No. 79 pp. 10–11].   The same conclusion follows here.   For the new allegations in Counts II, III, VI, and XI, the works are not even substantially similar—a point Plaintiff effectively concedes by characterizing the alleged copying as "paraphrase[s]," "rephrase[s]," and copying with "minor word substitutions" [ECF No. 65 ¶¶ 24, 80, 98, 110, 146–47, 154].   Admitted differences of that kind cannot satisfy the substantial-similarity standard.   *See Davis v. Raymond*, No. 12-225578, 2012 WL 12868729, at *4 (S.D. Fla. Nov. 30, 2012).

---

[3]  The Eleventh Circuit has not affirmatively held that the substantial-similarity inquiry may take place at the motion to dismiss stage, but other circuits have said that it can, and district courts in this Circuit routinely do so without converting the motion to dismiss into a motion for summary judgment.   *See, e.g., Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010); *Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Int'l Corp.*, 998 F. Supp. 2d 1340, 1350 (S.D. Fla. 2014); *Robbins v. Artits-Usher*, No. CV411-193, 2011 WL 5840257, at *2 (S.D. Ga. Aug. 29, 2011).   Such an inquiry is permissible here because the allegations on their face clearly do not show "copying of constituent elements of the work that are original," *Feist*, 499 U.S. at 361, and Defendants raise a challenge to that essential element in the instant Motion.

**B. The Court Need Not Reach Defendants' Remaining Grounds for Dismissal**.

Because the Second Amended Complaint so plainly fails on the grounds above, the Court need not reach Defendants' remaining arguments—namely, that Plaintiff has not established personal jurisdiction over UMGI or stated a claim for pattern, contributory, or vicarious infringement.[4]

**CONCLUSION**

As this Court already determined in *Marasco I*, the allegedly infringed material—basic ideas, themes, metaphors, isolated words, and short phrases—is not protected expression and cannot be infringed.  Plaintiff has also failed to plausibly allege either access or substantial similarity, each of which is independently required to plead copying.  Plaintiff has had ample opportunity to plead her claims; she was expressly warned that the Second Amended Complaint would be her final opportunity [ECF No. 62]; and further amendment would be futile.   The defects identified are not pleading defects curable by more careful drafting—they are defects in the underlying works themselves, which consist of ideas, themes, metaphors, and isolated words that no amendment can transform into protectable expression.

---

[4] Although unnecessary to dispose of the Motion, the Second Amended Complaint likely qualifies as a shotgun pleading because it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions."  *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015).  Plaintiff refers to the three Defendants collectively throughout her infringement allegations despite the distinct roles an artist, a record label, and a parent company occupy in the music industry [*see, e.g.*, ECF No. 65 ¶¶ 3, 18], and several counts bundle multiple songs and multiple poems together [*see, e.g*., ECF No. 65 ¶¶ 60–70, 130–35].

Accordingly, it is **ORDERED AND ADJUDGED**:

1.  Defendants' Motion to Dismiss [ECF No. 74] is **GRANTED**.

2.  The Second Amended Complaint [ECF No. 65] is **DISMISSED WITH PREJUDICE**.

3.  Final judgment to follow by separate order.

**ORDERED** in Chambers in Fort Pierce, Florida, this 6th day of July 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record